UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN MILLER et al., | CASE NO. 2:25-cv-01591-LK |
| Plaintiffs, | ORDER DENYING MOTION FOR |
| v. | PROTECTIVE ORDER |
| HOME DEPOT USA INC. et al., | |
| Defendants. | |

This matter comes before the Court on the parties' Stipulated Protective Order. Dkt. No. 13. For the reasons set forth below, the Court denies the motion without prejudice.

"There is a strong presumption of public access to the court's files." LCR 5(g). Still, the Court may issue a protective order "for good cause" under Federal Rule of Civil Procedure 26(c). The Court may enter a proposed stipulated protective order if it:

> adequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal.

ORDER DENYING MOTION FOR PROTECTIVE ORDER - 1

LCR 26(c)(2). The Court's Model Stipulated Protective Order instructs that "[t]he parties must include a list of specific documents" rather than "list[ing] broad categories of documents such as 'sensitive business material.'" W.D. Wash. Model Stipulated Protective Order, https://www.wawd.uscourts.gov/sites/wawd/files/ModelStipulatedProtectiveOrder.pdf.

The parties' stipulated protective order initially defines "confidential" material in an appropriately narrow way, but then drops the ball at the goal line by adding, "The parties agree that the entry of this Stipulated Protective Order . . . is warranted to protect against dissemination of such documents and information, *as well as other documents and information that may qualify*." Dkt. No. 13 at 2 (emphasis added). This "definition" is impermissibly vague and circular. *See, e.g.*, *Erwin v. Obi Seafoods LLC*, No. 2:22-cv-00893-JHC, 2023 U.S. Dist. LEXIS 86715, at *2 (W.D. Wash. May 17, 2023) (denying stipulated motion for protective order that sought to protect "confidential or sensitive proprietary personal information including, but not limited to a list of categories" (citation modified)); *see also Taladay v. Metro. Grp. Prop. & Cas. Ins. Co.*, No. C14-1290-JPD, 2015 WL 4494561, at *2 (W.D. Wash. July 23, 2015) (denying motion for protective order where movant's definition of confidential material "purport[ed] to include any testimony 'marked confidential'"). Accordingly, the parties' definition of "confidential material" does not comply with Local Civil Rule 26(c)(2).[1]

For the foregoing reasons, the Court DENIES the motion without prejudice. Dkt. No. 13. The parties may file a revised stipulated protective order consistent with this order.

Dated this 22nd day of January, 2026.

Lauren King
United States District Judge

---

[1] The proposed stipulated protective order includes a list of items for which "Defendants also propose confidentiality, but Plaintiffs do not agree in advance that the [items are] in fact confidential[.]" Dkt. No. 13 at 2. The Court assumes that Defendants have included that disputed list solely for the record.

ORDER DENYING MOTION FOR PROTECTIVE ORDER - 2